33 C.C.P.A. (Patents)

## In re WEST DISINFECTING CO.
### Patent Appeals No. 5183.

Court of Customs and Patent Appeals.
June 11, 1946.

104

Clarence A. O'Brien, of Washington, D. C., and Harvey B. Jacobson, of Chicago, Ill. (C. Ludwell Hyde and Edward Burch, both of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Pasquale J. Federico, of Washington, D. C. of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, 64 U.S.P.Q. 489, affirming that of the Examiner of Trade-Marks denying registration of "Rugfoam" as a trade-mark applied to a cleaning preparation for rugs, carpets, upholstery and the like. Appellant alleged use of its mark on said goods since June 1941.

The examiner refused registration of the mark on the ground that it was confusingly similar to the trade-mark "Fabrikfoam," registered March 5, 1935, for use in connection with "a concentrated upholstery and rug shampoo having incidental moth-preventative properties." As a further ground of rejection the examiner held the mark unregistrable as being descriptive.

Upon appeal the commissioner affirmed the decision of the examiner as to the first ground of rejection, but reversed it as to the second ground, holding that the involved terms were highly suggestive but that the expression "Rugfoam" was not descriptive.

The only question to be here decided is whether or not the respective marks are so similar in appearance or significance as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers when used in connection with the respective goods.

It is apparent that the terms "Rugfoam" and "Fabrikfoam" differ in appearance and sound. However, the inference to be drawn from the meaning of both expressions is that both indicate a cleaning preparation for rugs and the like and fabrics and the like. But rugs, generally speaking, are fabrics and nothing more, as was pointed out in the decision of the commissioner. Therefore we must hold the goods to which the respective marks are applied to possess the same descriptive properties, and since the two terms are practically identical in significance we are of opinion that their concurrent use on the respective goods would be likely to cause the confusion, mistake and deceit which the statute prohibits.

The decision of the commissioner is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.